IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GLENN GROUP, LLC                                                                             PLAINTIFF

VS.                                                                                    NO. 2:04CV309-D-B

GEORGE LEE POWELL, JR., individually
GEORGE E. POWELL, JR. P.C., CHICAGO
TITLE INSURANCE COMPANY, OMNI CREDIT
ALLIANCE, INC., MICHAEL KELL, JIMMIE
TERRELL, NATIONAL PERFORMING ARTS
SOCIETY, INC., and GSYS, INC.                                                              DEFENDANTS

## OPINION GRANTING MOTION TO TRANSFER

Presently before the court are several motions to dismiss for lack of personal jurisdiction and one alternative motion to transfer venue. Upon due consideration, the Court finds the motions to dismiss shall be denied and the motion to transfer shall be granted.

*A. Factual Background*

The Plaintiff, a Tennessee resident, filed this action seeking compensatory, treble and punitive damages arising from a loan transaction between the parties. The Defendants, George E. Powell, Jr., George E. Powell, Jr., P.C., Michael Kell, Jimmie Terrell, and National Perofmring Arts Society, Inc. are all resident of the State of Georgia. Chicago Title Insurance Company, Omni Credit Alliance, and GSYS are all registered corporations in foreign states. Admittedly, the only connection this dispute has with this State is the Plaintiff's attorney, Joseph Sparkman, Jr., who is or was a resident of Southaven, Mississippi and the Plaintiff allegedly maintained a bank account in Tupelo, Mississippi.

The Plaintiff asserts various causes of actions including breach of contract, breach of fiduciary duty, fraudulent misrepresentations and conspiracy. The Plaintiff contends that, at least,

a substantial part of the misrepresentations were made in Mississippi through an agent or agents of the Defendants to the Plaintiff's attorney. Based on this accusation, the Plaintiff suggests that the exercise of personal jurisdiction is appropriate.

*B. Discussion*

1. Venue Generally

Generally venue is proper

in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Once venue has been challenged, the plaintiff bears the burden establishing that jurisdiction is proper. Von Graffenreid v. Craig, 246 F. Supp. 2d 553, 557 (N.D. Tex. 2003); Seariver Maritime Fin. Holdings, Inc. v. Pena, 952 F. Supp. 455, 458 (S.D. Tex. 1996).

In the case sub judice, it is undisputed that no party is a residence of this State. More importantly for the purposes of venue, no Defendant is a residence of this State. Furthermore, given the nature of the transaction which forms the basis of this action, it is not at all clear that "a substantial part" of the events occurred in this State. Certainly some negotiations and transmission of information was conducted through the Plaintiff's Mississippi attorney. However, a majority of the pre-dispute activity appears to have occurred in Georgia and Tennessee. Notwithstanding the minimal events that may have occurred in this State, the Plaintiff has not persuaded the Court that venue is appropriate.

2. Transfer Venue

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of the venue transfer statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Gundle Lining Const. v. Fireman's Fund Ins., 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) (citing Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

Decisions to effect 1404(a) transfers are committed to the sound discretion of the trial judge. Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989) (citation omitted). In order to establish that transfer is appropriate, the defendant must demonstrate that the balance of convenience and justice weighs heavily in favor of the transfer. Home Healthcare Affiliates of Miss., Inc. v. Am. Heartland Health Adm'rs, Inc., No. 1:01CV489-D-A, 2002 WL 31051009, at *5 (N.D. Miss. Aug. 8, 2002). In other words, there must be a convincing showing of the right to have the case transferred since § 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. Mizell v. Prism Computer Corp., 27 F. Supp. 2d 708, 712 (S.D. Miss. 1998) (citations omitted).

There are several factors this court may consider in making a § 1404(a) determination, which include:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process, where necessary, over witnesses;
(3) the cost of obtaining witnesses for attendance at trial;
(4) the possibility of a view of the premises, if appropriate;
(5) the enforceability of a judgment;
(6) administrative difficulties of the court;
(7) the local interest of the controversy, and the imposition of jury duty on citizens

residing in the community having no relation to the litigation;
  (8)   the propriety of having the action tried in a forum "at home" with the state law
        governing the case;
  (9)   the plaintiff's choice of forum;
  (10)  the possibility that trial in the original forum will result in inconvenience, vexation,
        oppression, or harassment of the defendant; and
  (11)  "all other practical problems that make the trial of a case easy, expeditious, and
        inexpensive."

Mizell, 27 F. Supp. 2d at 713; see also Apache Products Co. v. Employers Ins. of Wausau, 154 F.R.D. 650, 653 (S.D. Miss. 1994); Fullman v. AAA Cooper Transp. Co., 732 F. Supp. 54, 55 (N.D. Miss. 1990) (same). Normally, when determining the propriety of a transfer, the plaintiff's choice of forum is entitled to great weight. Willowbrook Found., Inc. v. Visiting Nurse Ass'n., Inc., 87 F. Supp. 2d 629, 635 (N.D. Miss. 2000) (citing Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966)). This is particularly true when the plaintiff's choice of forum is his own state. Willowbrook Foundation, Inc., 87 F. Supp. 2d at 635.

Here, the Plaintiff filed this action in Mississippi despite the fact that no party, including the Plaintiff, is a resident of Mississippi. As an alternative to dismissal, at least one Defendant has moved to transfer the matter to the Northern District of Georgia alleging that would be a more convenient location for all involved. Even the Plaintiff admits "this is a very close call" and also offers that transfer to the Northern District of Georgia would be appropriate.

There are substantial factors which support transferring venue to Georgia. Conversely, there are almost no facts that support venue in this State. As previously noted, the Plaintiff is not a resident of this state and, therefore, a heightened degree of deference is not owed to its choice of forum. The Plaintiff asserts that the Defendants through their agent(s) made misrepresentations in this State. However, the only evidence linking Mississippi to the dispute is the Plaintiff's attorney

and the allegation that the Plaintiff maintained a bank account in this State.

Applying the applicable 1404(a) factors enumerated supra, venue in this State would likely present substantial obstacles regarding access to proof for the foreign Defendants. The Defendants contend that a Georgia court's subpoena power could reach most of the witnesses necessary to develop their case. The Plaintiff does not dispute this but does note that its non-party witnesses would be within the subpoena power of this Court. Clearly, the costs of obtaining witnesses from the North Mississippi area for trial here would be more reasonable than requiring travel to Georgia. However, the inverse is also true. It would be just as costly to require Georgia witnesses to travel to Mississippi. There is no information regarding the number of potential witnesses from each area. In any event, under these circumstances this factor is a neutral consideration. As for imposing jury duty on citizens, a jury from this area would have virtually no interest in a trial not involving any Mississippi resident. The same could not be said of a Georgia jury, to the extent that its citizens benefit from the Defendants conducting business in that State. Finally and foremost, most, if not all, of the nonresident Defendants are likely not within the reach of this State's long arm statute. See Delgado v. Reef Resort, Ltd., 364 F.3d 642, 644 (5th Cir. 2004) (a nonresident plaintiff may not rely on the "doing business" prong of Mississippi's long arm statute to establish personal jurisdiction over a nonresident defendant); Herrley v. Volkswagen of Am., Inc., 957 F.2d 216, 218 (5th Cir. 1992) (same); Walker v. World Ins., Co., 289 F. Supp. 2d 786, 788 (S.D. 2003) (same); also Submersible Sys., Inc. v. Perforadora Central, S.A., 249 F.3d 413, 418 (5th Cir. 2001) (a nonresident plaintiff may not take advantage of the contract prong of Mississippi's long arm statute).

In order to sustain a transfer for convenience, it is the Defendant that bears the burden of establishing that there is a more convenient forum than that chosen by the Plaintiff. The Court is of

the opinion that the Defendants have sustained this burden. This dispute has practically no substantive connection to this forum. Conversely, Georgia has more than a substantial connection to the events which form the basis of this suit. Additionally, transfer to the Northern District of Georgia would cure any jurisdictional defects that may not be overcome in this Court. Resultantly, the Court is satisfied that a transfer to the Northern District of Georgia will be substantially more convenient than the Plaintiff's choice of forum. Consequently, the motion to transfer venue is granted.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of August 2005.

/s/ Glen H. Davidson
Chief Judge